# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

NAU HERNANDEZ, JOSE L.
HERNANDEZ, LUIS MARTINEZ,
FRANCISCO VALLADOLID, OSCAR
F. CRUZ, HERBERTO RAMIREZ, and
SAUL MORALES,

        Plaintiffs,                Case No. 05C0303

v.

CITY WIDE INSULATION OF MADISON,
INC., CITY WIDE INSULATION CO., INC.,
ROBERT F. MURPHY, MARK MURPHY,
and TROY WETZEL,

        Defendants.

## ORDER

Plaintiffs, insulation installers, bring this action against City Wide Insulation of Madison ("CWI"), and its employees Mark Murphy, Robert F. Murphy and Troy Wetzel under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 et seq., alleging that defendants failed to pay them overtime and retaliated against them when they complained about such failure. Before me now is defendants' motion for a more definite statement under Federal Rule of Civil Procedure 12(e).

On July 17, 2006, I denied defendants' motion for summary judgment with respect to plaintiffs' retaliation claims. I granted plaintiffs permission to amend their complaint in order to add any protected activities that had been discovered during the discovery process. On August 1, 2006, plaintiffs filed their second amended complaint. On

September 1, 2006, defendants filed a motion for a more definite statement with respect to plaintiffs' retaliation claims, which plaintiffs oppose.

Rule 12(e) is designed to strike at unintelligibility, not lack of detail. Scarbrough v. R-Way Furniture Co., 105 F.R.D. 90, 91 (E.D. Wis. 1985) (citing Stanton v. Manufacturers Hanover Trust Company, 388 F. Supp. 1171, 1174 (S.D.N.Y. 1975); Juneau Square Corporation v. First Wisconsin National Bank of Milwaukee, 60 F.R.D. 46, 49 (E.D. Wis. 1973)). A motion under Rule 12(e) "is proper only when the pleading to which it is addressed is so vague that it cannot be responded to." 5C C. Wright & A. Miller, Federal Practice and Procedure § 1376, p. 316, and § 1377, p. 364 (3d ed. 2004).

Defendants' motion will be denied because the amended complaint is not unintelligible or so vague that defendants cannot be expected to be able to respond to it. See Fed. R. Civ. P. 12(e). Defendants ask plaintiffs to identify particular plaintiffs and specific dates for the alleged occurrences. Defendants attempt to prove that the complaint is inadequate by stating that some of the plaintiffs were not employed by them by the dates of certain occurrences. However, Rule 12(e) does not create a heightened pleading standard. See 5C C. Wright & A. Miller, § 1377, p. 351-52. Moreover, defendants' argument shows that they have maintained records adequate to know which plaintiffs may have been involved in any given occurrence. Compare Shultz v. Manor House of Madison, Inc., 51 F.R.D. 16, 17-18 (W.D. Wis. 1970) (finding that defendants in a Fair Labor Standards Act case had the information in their own records to answer the complaint). To grant defendants' motion for a more definite statement would be contrary to the concept of notice pleading embodied in the Federal Rules of Civil Procedure. See, e.g., Fed. R.

Civ. P. 8(a) ("short and plain statement of the claim") & (e) ("pleading to be concise and direct").

**Therefore,**

**IT IS ORDERED** that defendants' motion for a more definite statement is **DENIED**.

Dated at Milwaukee, Wisconsin, this 18 day of September, 2006.

/s_____
LYNN ADELMAN
District Judge