# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

NAU HERNANDEZ, JOSE L.
HERNANDEZ, LUIS MARTINEZ,
FRANCISCO VALLADOLID, OSCAR
F. CRUZ, HERBERTO RAMIREZ, and
SAUL MORALES,
        Plaintiffs,                          Case No. 05C0303

    v.

CITY WIDE INSULATION OF MADISON,
INC., CITY WIDE INSULATION CO., INC.,
ROBERT F. MURPHY, MARK MURPHY,
and TROY WETZEL,
        Defendants.

## ORDER

Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), alleging that defendants failed to pay them overtime and retaliated against them when they complained about such failure. Before me is defendants' motion for reconsideration of a protective order and plaintiffs' motion to amend a scheduling order.

### I. MOTION FOR RECONSIDERATION

On October 12, 2005, I issued a protective order barring defendants from obtaining discovery concerning plaintiffs' immigration statuses, as I found such statuses to be irrelevant to whether plaintiffs are entitled to overtime pay. I found that plaintiffs' immigration statuses may bear on credibility, but decided that defendants' need for discovery of such statuses for this purpose was substantially outweighed by the harm that disclosure could bring to plaintiffs. I noted that if plaintiffs established liability, defendants'

need for discovery concerning their immigration statuses would be entitled to greater weight, and stated that in such event, defendants were free to raise the issue again.

This parties are still conducting discovery and plaintiffs have not yet established defendants' liability under the FLSA. Nonetheless, defendants ask me to reconsider my grant of a protective order to plaintiffs. They restate their argument that Hoffman Plastic Compounds, Inc. v. Nat'l Labor Relations Bd., 535 U.S. 137 (2002), establishes that undocumented aliens are never entitled to back pay under the FLSA, and thus plaintiffs' immigration status is relevant to whether they may collect any back wages. However, defendants are unable to point to a single case in which a court has held that Hoffman stands for the proposition that FLSA defendants need not pay back wages actually earned by workers. Multiple courts have found that Hoffman does not stand for such a proposition. See, e.g., Flores v. Amigon, 233 F. Supp. 2d 462, 463 (E.D.N.Y. 2002); Liu v. Donna Karan Int'l, Inc., 207 F. Supp. 2d 191, 192 (S.D.N.Y. 2002); Flores v. Albertsons, Inc., No. 01 CV 00515(AHM), 2002 WL 1153523 at *5 (C.D. Cal. Apr. 9, 2002). See also INS v. Lopez-Mendoza, 468 U.S. 1032, 1047 n.4 (distinguishing between "retroactive" and "prospective" remedies in labor cases involving undocumented workers).

As to the relevance of plaintiffs' immigration status to their credibility, defendants do provide one new argument – that plaintiffs have revealed through deposition testimony that they are continuing to work in the United States. Defendants believe that this fact shows a stronger nexus between plaintiffs' immigration status and their credibility, as it shows – assuming plaintiffs to be undocumented aliens – that they "willingly continue to perpetrate criminal frauds." (Defs' Motion for Recon. at ¶ 12.) However, even assuming that this information establishes that plaintiffs lied to their current employers to secure

2

jobs, it is not dispositive of their credibility such that it outweighs the harm that disclosure might bring to plaintiffs. See Galaviz-Zamora v. Brady Farms, Inc., No. 1:04-CV-661, 2005 U.S. Dist. LEXIS 22120, at *9 (W.D. Mich. Sept. 23, 2005) (concluding that the damage accruing to plaintiffs from permitting discovery into their immigration statuses far outweighed minimal legitimate value to defendants in challenging plaintiffs' credibility).

Thus, defendants have given me no reason to reconsider my protective order.

## II.  MOTION TO AMEND

Plaintiffs seek to obtain additional discovery relating to potential comparators for their retaliation claims, the existence of whom they claim to have learned only in the last month. In order to permit the fullest adjudication of the issues in this case, I will amend my August 4, 2006, scheduling order to permit additional discovery by both plaintiff and defendant. Discovery shall by extended for both parties until January 29, 2007. The dispositive motion deadline shall be moved to February 12, 2007.

## III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that defendants' motion for reconsideration is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion to amend/correct is **GRANTED**, as provided herein.

Dated at Milwaukee, Wisconsin this 30 day of November, 2006.

/s_____
LYNN ADELMAN
District Judge

3